COURT FILE

Rev. 5/20

## United States District Court
Middle District of Florida
Fort Myers Division

PROVIDED TO DESOTO C. I.
ON 6/14/23 FOR MAILING
INMATE INITIALS _____
OFFICER INITIALS _____

Edward D. Harris #113643

*(In the space above enter the full legal name of the plaintiff)*

-against-

Shelly Baker, (Warden at all Times Material)

Wendy Melissa Millette Correctional Services Assistant Consultant Bureau Policy Management and Inmate Appeals.

Lori Norwood, Asst. Warden of Programs

James Perry - Physician Assistant

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

Case No. 2:23-cv-00449-JLB-NPM
*(To be filled out by Clerk's Office only)*

## COMPLAINT
*(Pro Se Confined Litigant)*

Jury Demand?
☐ Yes
☐ No

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se confined litigants challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☐ 42 U.S.C. § 1983 (state, county, or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II. PLAINTIFF INFORMATION

Edward D. Harris Sr
Name (Last, First, MI)                                                                 Aliases

113643
Identification #

Desoto Annex
Place of Detention

13617 -S. E. Highway 70
Institutional Address

Desoto/Arcadia          Florida          34266-7800
County, City            State            Zip Code

## III. STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☒ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: **SHELLY BAKER**
Name (Last, First)

**WARDEN**
Current Job Title

**501 S. Calhoun Street**
Current Work Address          FAX 850-922-6268   Tel. 850-717-3637

**Leon / Tallahassee**    **Florida**    **32399-2500**
County, City              State          Zip Code


Defendant 2: **LORI NORWOOD**
Name (Last, First)

**Correctional Services. Bureau of Policy Mgmnt.**
Current Job Title

**501 S. Calhoun Street**
Current Work Address          Tel. 850-717-3637
                              FAX. 850-922-6268
**Leon / Tallahassee**    **Florida**    **32399-2500**
County, City              State          Zip Code

Rev. 5/20

## Defendant(s) Continued

Defendant 3: __Division of Risk Management Dept. of Insurance__
Name (Last, First)

__Department of Insurance__
Current Job Title

__200 - East Gaines Street__
Current Work Address

__Leon  Tallahassee__     __Florida__     __32399-0338__
County, City                State             Zip Code


Defendant 4: __James Perry, (Physician Assistant) -__
Name (Last, First)

__Physician Assistant - For Centurion Health Services of Fla.__
Current Job Title

__/__
Current Work Address

County, City                State             Zip Code


[Additional Defendants Must Be Listed on a Separate Sheet Titled Section IV]

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Physical Injury - Inguinal, Bilateral Repair (ICD-K40.90)(ICD-10 K40.90). And Other Injuries. Reviewed by The MRI.

Date(s) of occurrence: February 2019.

State which of your federal constitutional or federal statutory rights have been violated:

Deliberate Indifference To My Serious Medical Needs After Plaintiff Had Been Injured While Eating In The Dining Room From A Rotten Table.

State here briefly the FACTS that support your case. See Fed. R. Civ. P. 8. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you. All facts shall be set forth in separately numbered paragraphs. See Fed. R. Civ. P. 10(b).

FACTS:

**What happened to you?**

On May 10, 2021 At Approximately 11:45 A.M. While Eating Lunch At A Rotten Table Unbeknownst To Me The Table Just Fell Over Me Knocking Me To The Floor, And Causing Injuries That Were Unknown To Me. That I Did Not Find Out About Until October 14, 2022. Because Physician Assistant James Perry Scratched Out His Diagnosis From The Injuries I Received To My Back And Cranial Cavity As A Result Of The Rotten Table Falling Down On Me And Their Failure To Treat Me. This is Evidenced By the Fact that MR. Perry Scratched Out His Diagnosis.

I Was Hurting Continuously In My Back, Head, And Lower Abdominal Area, So I Accessed Sick-Call On March 13, 2022 And Dr. Emmanuel Noel MD Medical Director Service Provider For Centurion Examined Me And Determined That I Needed (Inginal Hernia, Bilateral Repair), see Exhibits (1)(2). Attached On January 25, 2022, I Filed A DC1-303, Medical Grievance # 20201-564-119 With The Institution Bringing Their Attention To My Injuries To My Right Knee And To My Lower Knee And Shoulder As A Direct Result Of

The Rotten table falling on me;

**Who did what?**

Defendant Lori Norwood, who was Assistant Warden of Programs whose Duties includes The Over-seeing of The Culinary, Laundry, Medical, Received my grievance on January 26, 2202 and sent my grievance back to me stating that my Request was not in compliance with The Rules of The Department of Corrections, Chapter 33-103 Grievance and Returned without Action. Exhibit III. Attached

On May 23, 20, 22 I filed a Request for Administrative Remedy or Appeal # 22-6-15086. With Central Office It was Received on June 01, 2022. By Defendant Wendy Melissa Mullette. Who Acts as a Consultant Assistant To The Bureau of Policy Management And Inmate Appeals For The Department of Corrections At Central Office In Her Position She creates any excuses That she Can To Deny Inmate Grievances w/o Tendering The Grievances on Their Merits.

In This Case Ms. Millenette Received a First Hand Incident From: Rachel Whidden on June 23, 2020 at, 11:37 Am. Per Welding Request From Mr. Robert Mercado (Who is Now The Warden) That All Tables That All Tables were fixed and/or Mended By April, 2020. Inmate Richard Amon, Dc # 275852 - Grievance # 20-6-21347. Institutional Grievance Log # 2003-564-001,

So The Excuse That Plaintiff was Not in Accordance With The Department of Corrections. Rules And sending The Grievance Back without Action was Nothing But a Farce To Apparently Stop This Matter From Being Taken Before The Court, Because The Defendants Knew That Exhausting The Administrative Remedies would Have To Be Exhausted And If Defendants Never Answered His Grievance(s) It Would be Almost Impossible To Do So. And A Motion To Dismiss Would Filed And There is A Reasonable Possibility

[Additional Facts Must Be Set Forth in an Attachment Titled Section V]

That The Court Would Grant The Motion.

But If Defendants Stealthily Create Ways As Here To Keep Plaintiff From exhausting Administrative remedies, As Here, Then There Is No Available For Plaintiff To Exhaust.

**Was anyone else involved?**

This is A Game That Defendants Are Playing To Circumvent Plaintiff's Rights To Sue Defendants For The Violation Of His Constitutional Rights And His Right To Have A Safe Place even if He is Incarcerated.

Defendant Millete, Melissa, Has Long Known That The Tables On The North Side of The Dinning Room And Failed To Make Sure That They Were Repaired or Replaced long Before May 10, 2021 when Plaintiff Was Injured By The Table.

This is Evidenced By Another inmate (Richard Amos) Whom Another Table Break And Fall on Him on 2-9-20. Plaintiff's Accident Happened To Him May 10, 2021. On June 13, 22, Plaintiff Filed Notice with The Department of Risk Management, That resulted From Serious Accident In The Department of Corrections, with The Department of Insurance. The Department of Risk Management Has Failed To Acknowledge my Notice of Intent.

## VI. ADMINISTRATIVE PROCEDURES

*WARNING:* **Prisoners** *must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

Plaintiff Seeks Personal Libility For Damages Under 42 USC § 1983 Based On The Individual Acts complained And The Physical Injuries That has left Him Disable To Earn A Living To Care For his Family Once he is Released From This Lawful Incarceration. For The Deliberate Disregard To His Serious Medical Needs In The Defendants Failure Keep a Safe And Secure Environment For Plaintiff. In violation of The The Eighth and Fourteenth Amendments.

#2). A Declaration That The acts, And Counter-Acts Complained of after Plaintiff Was Injured In The Dining Room By A Disabled Table Fell on Him And Insured His Back, Right Knee And His Head, And The Failure To Provide Medical care Violated Plaintiff's 8th And 14th Amendment Rights.

#3). 500.000.00 Dollars Punative Damages, For Plaintiff's Injuries In That He Will Never Be Able To Work And Care For His Family, As He Now Has To Walk With The Aide of A Cane. Resulting From Defendant's Negligence.

4). $ 250.000.00 Compensatory Damages For Defendant's Negligence A Deliberate Indifference, as Defendant's Knew That The Table In The Dining Room Was Rotted Around The edges A Refused To Repair Them For Approximately (1) year Before Plaintiff suffered His Accident.

#5). A Trial By Jury On All Issues Of Fact And Law. And All Court Costs And Fees Emanating From This Lawsuit. And Any Other Relief Connected With The Prosecution Herein.

Page 8 of 10

## VIII. LITIGANT'S LITIGATION HISTORY

*The "three strikes rule" bars a **prisoner** from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g)*

## *ALL LITIGANTS MUST ANSWER:*

Have you to date brought any other lawsuits in state or federal court while a confined?  ☐ Yes  ☒ No

If yes, how many?  ___No___

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number  None
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

Rev. 5/20

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. **I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

Dated: May 14, 2023

Plaintiff's Signature: Edward D. Harris Sr.

Printed Name (Last, First, MI): EDWARD D. HARRIS, SR.

Identification #: 113643

13617 - S.E. Hwy. 70

Institutional Name: Desoto Annex   City: Arcadia   State: Florida   Zip Code: 34266-780